UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OVEIDO N. CASTILLO,

    Applicant,

v.                                           CASE NO. 8:16-cv-1909-T-23AEP

UNITED STATES OF AMERICA,

    Respondent.

_____/

**O R D E R**

In 2011 Castillo was convicted of conspiracy to possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel, for which he is imprisoned for 262 months. Both the conviction and the sentence were imposed according to the terms of a plea agreement. Castillo applies for a writ of habeas corpus under 28 U.S.C. § 2241 and challenges his conviction in 8:11-cr-50-T-23AEP. In his earlier action, 8:15-cv-90-T-23AEP, Castillo unsuccessfully challenged his conviction and sentence in a motion to vacate under 28 U.S.C. § 2255.

Castillo cannot again challenge his conviction unless he first obtains the circuit court's permission. "A second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h). The preclusion barring a second or successive challenge applies to this Section 2241 application even though the earlier action was a Section 2255

motion to vacate. *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999) (holding that a defendant cannot "use § 2241 simply to escape the restrictions on second or successive § 2255 motions."). Castillo fails to show that he has obtained permission from the circuit court to file a second or successive motion to vacate.

*Antonelli v. Warden, U.S.P., Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008), explains that a prisoner cannot pursue a claim under Section 2241 that falls within the reach of Section 2255.

> It is also clear that a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so. 28 U.S.C. § 2255(e); *see also Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999). . . . A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.

Castillo could have asserted his ground for relief under Section 2255. Although not specifically cited, Castillo attempts to challenge his conviction under *United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1258 (11th Cir. 2012), which holds that, "[b]ecause drug trafficking is not a violation of customary international law, we hold that Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." In his plea agreement (Doc. 36 at 14 in 11-cr-50) Castillo admitted that his vessel was "in international waters approximately 188 nautical miles east of Colombia." *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003), explains that "international water" is all area

beyond twelve miles from land.  Because Castillo's vessel was not within a nation's territorial water, *Hurtado* is inapplicable.

Accordingly, Castillo's application for the writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Castillo close this case.

ORDERED in Tampa, Florida, on July 22, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE